UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

CYNTHIA VOISINE,

    Debtor.

Chapter 13
Case No. 19-20005

## DECISION SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

Cynthia Voisine, the debtor, claims an exemption in a health savings account ("HSA") under Maine law as made applicable by 11 U.S.C. §522(b)(3). The chapter 13 trustee posed a timely objection. Based upon a review of the Maine exemption statute, the parties' arguments, and applicable case law, the court sustains the trustee's objections for the following reasons.

### Background.

Ms. Voisine filed for bankruptcy protection under chapter 13 of the United States Bankruptcy Code (the "Code") on January 2, 2019. One of the assets that she listed on her bankruptcy schedules was a TD HSA with a value of $6,500 which she claimed was exempt property under 14 M.R.S.A. § 4422(13)(E). (Docket Entry "D.E." 1). The trustee objected to her exemption claim on the grounds that "an HSA is an individual savings account, not a health insurance contract. It is not an account 'under a stock bonus, pension, profit-sharing, annuity or similar plan or contract' designed as a substitute for wages or support of a debtor or dependents." (D.E. 16). Ms. Voisine responded by denying that a health savings account is not a health insurance contract and she asserted that her HSA "is a similar plan or contract to a retirement account and to health insurance, and is on account of, or at least relates to, illness or disability. Moreover, its exemption from taxation evidences a governmental intention to accord it treatment

similar to an exempt retirement account." (D.E. 20). The parties presented argument on April 2, 2019 and the court took the issue under advisement.

## Burden of Proof.

A debtor claiming an exemption carries the initial responsibility of establishing entitlement to that protection and can successfully do so by identifying the property and clearly designating the basis for the exemption. In re Maylin, 155 B.R. 605, 614 (Bankr. D. Me. 1993); Barry Russell, Bankr. Evid. Manual § 301:61 Exemptions—Rule 4003, § 301:61 (2018 ed.). Then, the burden shifts to the objecting party who bears the burden of proving, by a preponderance of the evidence, that the exemption is improperly claimed. Fed. R. Bankr.P. 4003(c). See also, In re Broder, 2019 WL 1273300, at *1 (Bankr. D. Me. Mar. 15, 2019); In re Rockwell, 590 B.R. 19, 22 (Bankr. D. Me. 2018); In re Gourdin, 431 B.R. 885, 891 (B.A.P. 1st Cir. 2010).

## Discussion.

Ms. Voisine satisfied her initial burden by specifically listing the HSA and the basis for her claim that it is exempt property - 14 M.R.S.A. § 4422(13)(E). That exemption statute provides:

> The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor . . .
>
> **13. Disability benefits; pensions.** The debtor's right to receive the following:
>
> **E.** A payment or account under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless:

2

> **(1)** The plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under the plan or contract arose;
>
> **(2)** The payment is on account of age or length of service; and
>
> **(3)** The plan or contract does not qualify under the United States Internal Revenue Code of 1986, Section 401(a), 403(a), 403(b), 408 or 409.

The trustee countered by asserting, among other things, that the plain language of this exemption statute does not enfold HSAs within the scope of its protected assets.

In support of Ms. Voisine's position, her counsel directed the court's attention to In re Giacometto, 397 P.3d 1264 (Mont. 2017), in which the Montana Supreme Court construed a Montana exemption statute to protect HSAs. The court reviewed that decision, as well as In re Berdecia-Rodriguez, 2016 WL 5763378 (Bankr. Mont. Sept. 30, 2016). Both of these cases reached the result that Ms. Voisine seeks here: an overruling of the objection to an exemption in HSAs to the extent that the HSA is used to pay for medical, surgical, or hospital care. However, the statutory scheme at issue in those cases differed significantly from the language found in 14 M.R.S.A. § 4422(13)(E). The Montana statute in effect at the time that those cases were decided exempted "benefits paid or payable for medical, surgical, or hospital care to the extent they are used or will be used to pay for the care." Mont. Code Ann.§ 25-13-608(1)(f). That statute differs from the Maine exemption statute which requires not only that the payment be made "on account of illness, disability, death, age or length of service" but also that the payment be made "under a stock bonus, pension, profit-sharing, annuity or similar plan or contract." 14 M.R.S.A. § 4422(13)(E). In Maine, then, the exemption analysis involves not only the purpose of the payment, but the nature of the account or contract under which such payment is made. Therefore, both Giacometto and Berdecia-Rogriquez are distinguishable and the court does not find their reasoning persuasive in analyzing 14 M.R.S.A. § 4422(13)(E).

3

On the other hand, the trustee recommended that the court look to the Georgia Supreme Court's analysis in Mooney v. Webster, 794 S.E.2d 31 (Ga. 2016) and the court concludes that the analysis and the result reached in the Mooney case is helpful and persuasive. Mooney examined an exemption statute which is similar to 14 M.R.S.A. § 4422(13)(E). The Georgia statute in effect at the time of the Mooney decision exempted "[a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Ga. Code. Ann., § 44-13-100(2)(E).[1] Neither that statute nor 14 M.R.S.A. § 4422(13)(E) specifically protects HSAs by name.

As the Mooney Court observed, the two types of plans and contracts explicitly referenced in the Georgia exemption statute (i.e. pension and annuity plans or contracts) concerned income that replaced, or was a substitute for, wages. Mooney v. Webster, 794 S.E.2d at 36. Therefore, the critical question was whether HSAs were intended as a substitute for wages as are payments under pensions or annuity plans? Id. Given the characteristics of HSAs (early withdrawal of HSA funds are subject to penalties, HSAs are not taxed if they are used for qualified health care, and HSA funds can roll over annually without a penalty), the Mooney Court noted that "a HSA is not a substitute for wages, but rather is . . . a place to park wages that, if used for qualified healthcare expenses, allows favorable tax treatment." Mooney 794 S.E.2d at 36 (quotations omitted).

---

[1] Since the Mooney v. Webster, In re Giacometto, and In re Berdecia-Rodriguez decisions, the Georgia and Montana legislatures amended their exemption statutes in 2017 to expressly shield HSAs. See, Ga. Code. Ann., § 44-13-100(2)(G)(2019); 2017 Georgia Laws Act 234 (S.B. 87); Mont. Code Ann. § 25-13-608(1)(l); MT LEGIS 298 (2017), 2017 Montana Laws Ch. 298 (S.B. 216).

While other states have also extended such specific protection for HSAs, see Roup v. Commercial Research, LLC, 349 P.3d 273, 279 n. 5 (Co. 2015) (citing to the exemptions statutes of the states of Florida, Indiana, Minnesota, Mississippi, Nebraska, Oregon, Tennessee, Texas, Virginia, and Washington), the Maine Legislature has not.

4

This court reaches a similar conclusion as regards Ms. Voisine's HSA.  14 M.R.S.A. §4422(13)(E) is limited to protecting payments and accounts from plans and contracts which are income substitutions.  The plain language of that statute precludes protection for HSAs.  See also, In re Gardner, 2013 WL 3804594, at *4 (Bankr. D. Colo. July 19, 2013) ("The Court cannot stretch the definition of "pension or retirement plan or deferred compensation plan" to embrace the funds held in an HSA.").

**Conclusion.**

The trustee's objection to Ms. Voisine's exemption under 14 M.R.S.A. § 4422(13)(E) is sustained.

Dated:  May 15, 2019                                      /s/ Peter G. Cary
                                                          Judge Peter G. Cary
                                                          United States Bankruptcy Judge